WILKINSON, Circuit Judge,
concurring in the denial of rehearing en banc:
Judge Niemeyer’s fine opinion for the court fully addresses the points raised here by the dissent. United States v. Umaña, 750 F.3d 320 (4th Cir.2014). I agree with that opinion, and add only these brief observations.
Were we to renounce Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), this court would ignore a clear and consistent directive from the Supreme Court not to overturn higher precedent preemptively. In Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989), the court of appeals had declined to follow a decades-old Supreme Court case on the enforceability of arbitration agreements, Wilko v. Swan, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), because in the view of the court of appeals, the Court’s intervening decisions on the construction of related federal statutes had reduced it to “obsolescence,” Rodriguez de Quijas v. Shearson/Lehman Bros., Inc., 845 F.2d 1296, 1299 (5th Cir.1988). While the Court finally did overrule Wilko, Shearson, 490 U.S. at 484, 109 S.Ct. 1917, its opinion is best remembered for one sentence that is pure ice: “If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.” Id.
The “tea leaves” for overruling were far clearer in Shearson than they are in this case. But the practice of circuit courts trying to anticipate, based on “trends,” what the Supreme Court would do with an actual holding has not only raised eyebrows upstairs but had heretofore met with disfavor on our court. See, e.g., United States v. Danielczyk, 683 F.3d 611, 615 (4th Cir.2012) (“Thus, lower courts should not conclude that the Supreme Court’s ‘more recent cases have, by implication, overruled [its] earlier precedent.’ ” (alteration in original) (quoting Agostini v. Felton, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997))), cert. denied, — U.S. —, 133 S.Ct. 1459, 185 L.Ed.2d 362 (2013). Because Williams controls this case, I concur in the denial of the petition for rehearing en banc.
Williams examined which rules of evidence were applicable to “the manner in which a judge may obtain information to guide him in the imposition of sentence upon an already convicted defendant” in a capital murder case. 337 U.S. at 246, 69 S.Ct. 1079. In rejecting the view that the defendant enjoyed trial confrontation rights at sentencing, the Court noted:
In addition to the historical basis for different evidentiary rules governing trial and sentencing procedures there are sound practical reasons for the distinction .... A sentencing judge, however, is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant-if not essential-to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant’s life and characteristics .... It is urged, however, that *415 we should draw a constitutional distinction as to the procedure for obtaining information where the death sentence is imposed. We cannot accept the contention.
337 U.S. at 246-47, 251, 69 S.Ct. 1079.
The three circuits to have addressed this issue have found Williams to be controlling in capital sentencing cases. The procedures or sentencing criteria may vary, but a sentencing proceeding remains a sentencing. Its purpose of providing a complete and rounded sense of the one to be sentenced does not fluctuate with the identity of the sentencer or the severity of the sanction to be imposed. The Seventh Circuit explicitly stated that the “Confrontation Clause does not apply to capital sentencing,” that “the Supreme Court ... has never questioned the precise holding of Williams v. New York,” and that it was not free to revisit the Williams decision. Szabo v. Walls, 313 F.3d 392, 398 (7th Cir.2002). Likewise, the Eleventh Circuit considered Williams controlling when it made clear that a defendant has a right to rebut before the jury information relevant to his character and record, but not to exercise full confrontation rights as to hearsay declarants. Muhammad v. Sec’y, Fla. Dep’t of Corr., 733 F.3d 1065, 1074 (11th Cir.2013). Finally, the Fifth Circuit grounded its opinion on Williams and indicated that it also was not free to revisit that decision. United States v. Fields, 483 F.3d 313 (5th Cir.2007). Granting rehearing en banc in this case not only would fail to resolve a circuit split but in fact would risk creating one in the face of controlling Supreme Court precedent.
Unlike in Shearson, it is anything but clear here that the Supreme Court will overrule Williams. Numerous factors support Williams’s continuing vitality, even after the passage of the Federal Death Penalty Act of 1994. Citing Williams, the Court recently continued to differentiate between a trial’s guilt and sentencing phases and affirmed the broader evidentiary discretion attached to the latter. See Alleyne v. United States, — U.S. -, 133 S.Ct. 2151, 2163 n. 6, 186 L.Ed.2d 314 (2013) (“[J]udges may exercise sentencing discretion through ‘an inquiry broad in scope, largely unlimited either as to the kind of information [they] may consider, or the source from which it may come.’ ” (alteration in original) (quoting United States v. Tucker, 404 U.S. 443, 446, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972))); id. (“ ‘[B]oth before and since the American colonies became a nation, courts in this country and in England practiced a policy under which a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law.’ ” (alteration in original) (quoting Williams v. New York, 337 U.S. 241, 246, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949))). This position has been firm and consistent. See United States v. Watts, 519 U.S. 148, 154, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997); Witte v. United States, 515 U.S. 389, 399-401, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995); Nichols v. United States, 511 U.S. 738, 747-48, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). It is not just that an “already convicted defendant,” Williams, 337 U.S. at 244, 69 S.Ct. 1079, no longer benefits from the presumption of innocence in the sentencing phase. Practical considerations likewise counsel against formal constrictions that may not only impede the quest for a full human picture in all of its complexity, but lay the groundwork for additional sparring and sow the seeds for added assignments of error.
Circumscribing these rights does not leave the convicted defendant without protection from unreliable evidence. Due *416 process requires that the broader range of evidence available during sentencing still possess sufficient indicia of reliability. United States v. Powell, 650 F.3d 388, 393-94 (4th Cir.2011); see also U.S. Sentencing Guidelines Manual § 6A1.3(a) (2013). The defendant also retains the opportunity for rebuttal of adverse evidence. Gardner v. Florida, 430 U.S. 349, 362, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977); see also U.S. Sentencing Guidelines Manual § 6A1.3. Furthermore, the Supreme Court has identified certain “structural errors” that “undermine the fairness of the entire criminal proceeding” and require automatic reversal. United States v. Davila, - U.S. -, 133 S.Ct. 2139, 2142, 186 L.Ed.2d 139 (2013); see also Arizona v. Fulminante, 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). Among these structural errors are violations of the rights to counsel and to an unbiased judge, both of which are retained during sentencing. Fulminante, 499 U.S. at 308-10, 111 S.Ct. 1246; Gardner, 430 U.S. at 358, 97 S.Ct. 1197. Confrontation Clause violations, by contrast, are subject to harmless error analysis. Delaware v. Van Arsdall, 475 U.S. 673, 680, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). The trial right to confrontation and crossexamination remains part of our imperishable inheritance of liberty, see Crawford v. Washington, 541 U.S. 36, 50-51, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), but it is not among the constitutional accoutrements of sentencing, in part because “Williams shows that witnesses providing information to the court after guilt is established are not accusers within the meaning of the confrontation clause,” United States v. Roche, 415 F.3d 614, 618 (7th Cir.2005).
It is not our office to create a circuit split, preemptively overturn Supreme Court holdings, and attempt to force the Court’s hand. It-bears note that the hierarchical nature of the judicial system lends to law a stability and consistency that would be lost if, for example, district courts treated our rulings in the fashion urged by those with a more aggressive view of the intermediate appellate role. Society lives by law. When courts, convened in their roles as guardians of law, set the example of abiding by law, society as a whole will replenish its faith in our most cherished institutions.
Judge NIEMEYER joins me in this opinion.